IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02081-WYD-KLM

ALLEN AMONTE;
BETTY AMONTE; and
FRANK AMONTE,

      Plaintiffs,

v.

MICHAEL ROMERO;
LARRY BEHRENDS;
UNITED SECURITIES ALLIANCE, INC.; and
CAPWEST SECURITIES, INC.,

      Defendants.

## ORDER COMPELLING ARBITRATION

THIS MATTER comes before me on Defendant Michael Romero's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), or Alternatively, to Stay and Compel Arbitration.  (ECF No. 9.)  On September 27, 2011, Plaintiffs filed a response consenting to an order compelling arbitration of their claims.  Having carefully considered the parties' pleadings, I grant in part and deny in part Defendant Romero's pending motion.

By way of background, Plaintiffs Allen Amonte, Frank Amonte and Betty Amonte ("Plaintiffs" or "the Amontes") hold several accounts at the broker-dealer firms of United Securities Alliance and CapWest Securities.  Allen Amonte executed a Customer Account Form at United Securities Alliance on August 7, 2003.  Additionally, Allen

Amonte executed a Confidential Account Application with CapWest on November 1, 2005. Frank and Betty Amonte executed similar customer account agreements at both United Securities Alliance and CapWest. Pursuant to these agreements, the parties agreed to arbitrate any disputes with FINRA, the industry expert in resolving disputes between brokerage firms and their customers

In his pending motion to compel, Defendant Romero requests that I either dismiss this matter pursuant to Fed. R. Civ. P 12(b)(1) or compel arbitration and stay this matter pursuant to the applicable arbitration clause and the Federal Arbitration Act ("FAA"). In response, Plaintiffs agree that an order compelling arbitration of their claims is appropriate. (ECF No. 13.)

Agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 4. A motion to compel arbitration based on an arbitration agreement is governed by 9 U.S.C. § 4 which reads as follows:

> The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . . If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

Based on the pleadings submitted by the parties, I find that it is undisputed that both an arbitration agreement exists and that Plaintiffs' claims are subject to arbitration.

Accordingly, it is

ORDERED that Defendant Michael Romero's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), or Alternatively, to Stay and Compel Arbitration (ECF No. 9) is **GRANTED** to the extent that it requests an order compelling the parties to proceed with arbitration in accordance with the applicable arbitration clauses. The motion is **DENIED** to the extent it requests that the Court dismiss this action pursuant to Fed. R. Civ. 12(b)(1). The motion is also **DENIED** to the extent that it requests a stay of the proceedings. In lieu of a stay, the case will be administratively closed pursuant to D.C.COLO.LCivR 41.2 with leave to be reopened for good cause shown. It is

FURTHER ORDERED that this Court shall retain jurisdiction until arbitration has been completed. It is

FURTHER ORDERED that since the length of the arbitration process is uncertain, I find that this case should be administratively closed pursuant to D.C.COLO.LCivR 41.2 with leave to be reopened for good cause shown. In furtherance of the administrative closure, the parties are ordered to submit joint status reports to the Court every **six months**. Based upon those status reports, the Court will determine the appropriate course of action.

Dated: October 3, 2011

                                BY THE COURT:

                                s/ Wiley Y. Daniel
                                Wiley Y. Daniel
                                Chief United States District Judge